IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AGGIE INVESTMENTS, L.L.C., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-13 |
| CONTINENTAL CASUALTY COMPANY, | § § § § | |
| Defendant. | § § | |

### NOTICE OF REMOVAL

Defendant Continental Casualty Company ("Defendant" or "Continental") hereby removes the state court action styled *Aggie Investments, L.L.C. v. Continental Casualty Company*, Cause No. 366-06258-2020, from the 366th Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

### BACKGROUND

1. This is an insurance coverage dispute arising out of the COVID-19 pandemic.

2. Plaintiff Aggie Investments, L.L.C. initiated this action against Continental by filing its Original Petition ("Petition") on November 25, 2020, in state court in Collin County, Texas.

3. Plaintiff's Petition alleges that Plaintiff owns and operates a spice and tea room in McKinney, Texas, that it made a claim under an insurance policy issued by Continental for Plaintiff's substantial reduction in sales and loss of business income caused by governmental orders issued as a result of the COVID-19 pandemic, and that Continental wrongfully denied coverage for the claim.

4. Plaintiff asserts claims against Continental for breach of contract and declaratory judgment. Plaintiff seeks recovery of damages, declaratory relief regarding the meaning of certain terms of the Policy and Continental's obligation to pay, and attorneys' fees. A copy of the Petition is attached hereto as Exhibit C.

## VENUE

5. Pursuant to 28 U.S.C. § 1446(a), this Court is the proper venue for this action as it is the district and division within which the state court action was brought.

## JURISDICTION

6. Removal is proper in this case because this Court has jurisdiction under 28 U.S.C. § 1332(a). This Court has diversity jurisdiction because (1) this action is between citizens of different states, and (2) there is at least $75,000 in controversy.

**A.    Complete Diversity of Citizenship Exists**

7. Plaintiff alleges that it is a Texas limited liability company. Pet. 1. Plaintiff's members are Mark Gerber and Jennifer Gerber, who are both domiciled in Texas and are citizens of Texas. Plaintiff is therefore a citizen of Texas.

8. Continental is an Illinois corporation with its principal place of business in Chicago, Illinois. Continental is therefore a citizen of Illinois.

9. Because Plaintiff and Continental are citizens of different states, there is complete diversity between the parties to this case as required for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a)(1).

**B.    The Amount in Controversy Exceeds the $75,000 Jurisdictional Threshold**

10. The amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (amount in controversy is based upon what plaintiff is claiming, "not whether the

plaintiff is likely to win or be awarded everything he seeks" (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010))).

11. Where a plaintiff's state court petition does not state a specific dollar amount, or alleges only a range of damages, removal is proper if the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Stout v. Allergan, Inc.*, No. 1:18-CV-441, 2018 WL 10380487, at *3 (E.D. Tex. Nov. 16, 2018). Courts examine the notice of removal and will accept the removing party's allegation concerning the amount in controversy if not contested. *Moore v. Gladiator Events, LLC*, No. 3:15-cv-01877-M, 2015 WL 5459625, at *1 (N.D. Tex. Sept. 15, 2015). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). No evidence is required unless and until the plaintiff contests the allegation. *A & C Discount Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-CV-0429-D, 2016 WL 3194332, at *2 (N.D. Tex. June 9, 2016).

12. If a plaintiff challenges the amount in controversy alleged in the notice of removal, the court will examine evidence submitted by the parties to determine whether the amount in controversy requirement is satisfied. *Statin v. Deutsche Bank Nat'l Trust Co.*, 599 F. App'x 545, 547 (5th Cir. 2014). Once a defendant satisfies its burden, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *Stout*, 2018 WL 10380487, at *4 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010). "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show [she] is legally bound to accept less." *Stout*, 2018 WL 10380487, at *4 (quoting *Vielma v.*

*ACC Holding, Inc.*, No. EP-12-CV-501, 2013 WL 3367494, at *5 (W.D. Tex. Apr. 16, 2013));

*Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017).

13. Plaintiff's Petition does not state the total amount in controversy. Plaintiff does not identify the specific amount of lost business income, the amount of the alleged "substantial" reduction in sales (*see* Pet. 4), the duration of time that Plaintiff claims it incurred the loss, the value of the requested declaratory relief, or the amount of attorneys' fees claimed. However, the information provided by Plaintiff concerning the claim establishes a plausible basis to conclude that the amount in controversy exceeds the $75,000 threshold.

14. Upon submission of its claim, Plaintiff advised Continental that Plaintiff's average monthly gross income was $22,500, which is approximately $740 per day, that its store was shut down beginning March 24, 2020, based upon state orders relating to the COVID-19 pandemic, and that beginning May 1, 2020, its store was subject to occupancy restrictions imposed by the state. Accordingly, if Plaintiff's claim is for the full loss of its gross income from March 24 to May 1, Plaintiff would have lost **$28,120** ($740 per day x 38 days) in gross revenue for the closure period. For the additional 15-day period from May 1 to May 15, Plaintiff's full loss of gross income would be $11,100 ($740 per day x 15 days) and a 75% reduction in income proportionate to the state-imposed occupancy restriction would be **$8,325**.

15. However, Plaintiff's Petition does not identify any end date for its loss of income, nor does it identify an end to the occupancy restrictions, so Plaintiff's claim plausibly includes continuing loss of income beyond May 15. Plaintiff's request for declaratory relief contemplates that Plaintiff seeks recovery of continuing amounts based on the ongoing restrictions resulting from the pandemic. In particular, Plaintiff's Petition specifically alleges, in its request for declaratory judgment, that Continental "will be obligated to pay similar claims to Aggie Investments as the pandemic continues." Pet. 6.

16.     Based on a review of public records, the state has continued to impose occupancy restrictions on in-store retail services, at varying levels, ever since the April 27, 2020 order. Specifically, through executive orders issued by Governor Abbott, the state of Texas has imposed the following occupancy restrictions on in-store retail services since May:

| Date | Restriction (Order) |
|---|---|
| May 1, 2020 | 25% capacity allowed (Executive Order GA 18) |
| May 5, 2020 | 25% capacity allowed (Executive Order GA 21) |
| May 18, 2020 | 25% capacity allowed (Executive Order GA 23) |
| June 3, 2020 | 50% capacity allowed (Executive Order GA 26) |
| June 26, 2020 | 50% capacity allowed (Executive Order GA 28) |
| September 17, 2020 | 75% capacity allowed (Executive Order GA 30) (unless in an area with high hospitalization) (effective 9/21) |
| October 14, 2020 | 75% capacity allowed (Executive Order GA 32) (unless in an area with high hospitalization) |
| December 3, 2020 | 50% capacity allowed (reduced based on hospitalizations exceeding thresholds set in Executive Order GA 32) |

17.     Based on Plaintiff's allegations, if Plaintiff incurred loss of income proportionate to the occupancy restrictions,[1] the total amount in controversy exceeds $75,000.  For the 19 days from May 15 to June 3, the 25% capacity restriction would equate to **$10,545** (75% of $740 x 19 days).  For the 106 days from June 3 to September 17, the 50% capacity restriction would equate to **$39,220** (50% of $740 per day x 106 days).  For the 77 days from September 17 to December 3, the 75% capacity restriction would equate to **$14,245** (25% of $740 per day x 77 days).  For the 29 days from December 3, 2020, to January 1, 2021, the 50% occupancy restriction equates to **$10,730** (50% of $740 per day x 29 days).

---

[1] Continental does not concede that Plaintiff's alleged loss of business income is properly calculated based upon the level of occupancy restriction, but Plaintiff's allegations in the Petition appear to contemplate a loss based upon the occupancy restriction, so it is an appropriate basis to estimate the amount in controversy. *See* Pet. 4.

18. Based on the above amounts, a plausible estimate of the amount of Plaintiff's claim based upon loss of income proportionate to the state-imposed occupancy restrictions from March 24, 2020, to January 1, 2021, is approximately **$111,185 ($28,120 + $8,325 + $10,545 $39,220 + 14,245 + 10,730)**, before any declaratory relief or attorneys' fees are included.

19. Plaintiff's allegation that it seeks recovery of less than $75,000 does not provide a basis to avoid removal. Citing Texas Rule of Civil Procedure 47, the petition pleads "for monetary relief of $100,000 or less and non-monetary relief" and then alleges that Plaintiff "seeks recovery of less than $75,000 and declaratory relief." Pet. 2. A plaintiff's allegation in compliance with Texas Rule of Civil Procedure 47 that selects one of five prescribed claims for relief "does not represent a request for a specific dollar amount of damages." *Wilson v. Allstate Ins. Co.*, No. 4:16-CV-00970-ALM-CAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017) (quoting *Oliver v. CitiMortgage, Inc.*, No. 3:13-CV-2566, 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014)), *R. & R. adopted*, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017). Likewise, an allegation in a plaintiff's petition that it seeks less than $75,000 is inconsistent with Texas pleading standards and does not determine the amount in controversy for purposes of removal because it is not binding. *Martinez v. Liberty Ins. Corp.*, No. CV H-19-3956, 2019 WL 6894497, at *2 (S.D. Tex. Dec. 18, 2019); *see also Stout*, 2018 WL 10380487, at *6 (rejecting argument that statement in petition that damages do not exceed $75,000 and plaintiff would not seek in excess of that amount precluded removal because petition can be amended and "it does not constitute the kind of binding stipulation or affidavit necessary to preclude removal"). While the Fifth Circuit has acknowledged that a plaintiff can avoid removal by filing with their petition a binding stipulation or affidavit precluding any recovery in excess of $75,000, Plaintiff has not done so here. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding that stipulation or affidavit filed prior to removal can satisfy plaintiff's burden of proving to "legal

certainty" that amount in controversy does not exceed $75,000, but such a filing after removal is irrelevant).

20. Plaintiff's request for declaratory relief is also included in the amount in controversy. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (finding amount in controversy requirement satisfied where plaintiff pleaded damages "not to exceed $60,000" and declaratory relief measured by value of properties subject to foreclosure). Here, Plaintiff specifically alleges that its request for declaratory relief is in addition to the monetary relief referenced in the Petition. Pet. 2, 7. As discussed above, Plaintiff's declaratory relief contemplates that Plaintiff will incur ongoing losses that will be the subject of "similar claims" by Plaintiff as the pandemic continues. *Id.* at 6.

21. Plaintiff's claim for attorneys' fees is also included in the amount in controversy. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). Plaintiff seeks attorneys' fees pursuant to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code. Pet. 6–7. Plaintiff's petition does not provide any information about the amount of fees, but a conservative estimate is that fees through trial will be at least $30,000.

22. Since there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## PROCEDURAL STATEMENT

23. This Notice of Removal is timely because it was filed within thirty days after Continental's receipt of Plaintiff's Petition as contemplated by 28 U.S.C. § 1446(b)(1). Continental was served with Plaintiff's Petition on December 11, 2020.

24. This Court is the "district court of the United States for the district and division within which" the state court action is pending. 28 U.S.C. § 1446(a). Continental's Notice of Removal has therefore been filed in the proper court.

25. Continental will concurrently file a copy of this Notice of Removal with the Clerk of the 366th Judicial District Court of Collin County, Texas, and serve notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

26. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, the following documents are attached to this notice:

> Exhibit A – Index of Matters Being Filed
>
> Exhibit B – State Court Docket Sheet (certified)
>
> Exhibit C – Plaintiff's Original Petition
>
> Exhibit D – Defendant's Original Answer
>
> Exhibit E – All Process and Orders Served Upon Removing Party
>
> Exhibit F – Information Required By Local Rule CV-81

27. Continental reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Continental Casualty Company removes this action from the 366th Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division.

Dated: January 8, 2021

Respectfully submitted,

*/s/ David H. Timmins*
David H. Timmins (lead attorney)
Texas Bar No. 00785106
david.timmins@huschblackwell.com
Erin E. Clark
Texas Bar No. 24072037
erin.clark@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Phone: (214) 999-6100
Fax: (214) 999-6170

ATTORNEYS FOR DEFENDANT
CONTINENTAL CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel via email and through the Court's electronic filing system on this 8th day of January, 2021:

*/s/ David H. Timmins*
David H. Timmins